17-2704-cv
Ajdler v. Mendoza

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand nineteen.

PRESENT: ROSEMARY S. POOLER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------
MOSHE MARCEL AJDLER,

*Plaintiff-Appellant*,

v.                                                No. 17-2704-cv

PROVINCE OF MENDOZA,
a Province of the Republic of Argentina,

*Defendant-Appellee*.
------------------------------------------------------------------------

FOR APPELLANT:                DAVID S. HOFFNER, Hoffner PLLC, New York, New York.

FOR APPELLEE:                 CARMINE D. BOCCUZZI, Cleary Gottlieb Steen & Hamilton LLP, New York, New York.

Appeal from a final judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 2, 2017, is AFFIRMED.

Plaintiff Moshe Marcel Ajdler, who sued defendant Province of Mendoza ("Mendoza") for failing to pay principal and interest on $7,050,000 worth of bonds issued on September 4, 1997, appeals from a judgment dismissing his suit as untimely. *See Ajdler v. Province of Mendoza*, No. 17-cv-1530 (VM), 2017 WL 3635122 (S.D.N.Y. Aug. 2, 2017). There is no dispute that, as to the principal, Ajdler's claim is time-barred. According to the complaint, Ajdler's bonds matured on September 4, 2007, such that, when Mendoza refused payment of principal at that time, Ajdler's claim to principal began to accrue. Ajdler, however, did not file this action until March 1, 2017, well outside the relevant four-year limitations period for his claim to principal. *See Ajdler v. Province of Mendoza*, 890 F.3d 95, 99–100 (2d Cir. 2018). Ajdler nevertheless maintains that, under New York law, interest on unpaid principal continues to accrue even after the underlying claim for the principal is time-barred.

After briefing and argument, this court certified the accruing interest question to the New York Court of Appeals. *Id.* at 105–06. In an opinion filed March 21, 2019, the New York Court of Appeals made clear that once a claim on the bond principal is time-barred "a claim to recover unpaid post-maturity interest payments is not legally cognizable." *Ajdler v. Province of Mendoza*, No. 18, 2019 WL 1282028, at *5 (N.Y. Mar. 21, 2019). In light of this controlling statement of New York law, we affirm the district court's judgment of dismissal.

To be sure, the bond agreement here at issue obligated Mendoza to pay, in biannual installments, 10% annual interest on the bonds until payment of the principal. According to Ajdler, this interest obligation continues to become due each year, even after maturity,

for so long as the principal remains unpaid. In support, he cites *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011), which stated that, in the context of the similar contractual language at issue in that case, a bond issuer's obligation to pay interest on unpaid principal continues "until the principal is actually repaid in full—and not merely until the bond maturity date," *id.* at 260, 928 N.Y.S.2d at 674. Thus, Ajdler maintains that each year's interest obligation, if not paid, provides the basis for an independent claim, such that claims for interest obligations within four years of his March 1, 2017 filing are timely.[1]

Mindful that *NML Capital*'s quoted statement was made in the context of a timely claim for principal, we considered its application in the context of an untimely claim for principal unsettled under New York law, and certified two questions to the New York Court of Appeals:

> 1. If a bond issuer remains obligated to make biannual interest payments until the principal is paid, including after the date of maturity, do enforceable claims for such biannual interest continue to accrue after a claim for the principal of the bonds is time-barred?
>
> 2. If the answer to the first question is "yes," can interest claims arise *ad infinitum* as long as the principal remains unpaid, or are there limiting principles that apply?

*See Ajdler v. Mendoza*, 890 F.3d at 105–06 (internal citations omitted).

---

[1] We previously rejected as "unsupported by either argument or authority" Ajdler's contention "that his interest claim is subject to a six-year statute of limitations rather than the four-year period specified in the Indenture's Prescription provision." *Ajdler v. Province of Mendoza*, 890 F.3d at 99–100.

3

Answering the first question in the affirmative, and thus finding no need to reach the second question, the New York Court of Appeals held that "in the absence of a timely action to recover principal, a bondholder cannot enforce the conditional obligation to make post-maturity interest payments." *Ajdler v. Province of Mendoza*, 2019 WL 1282028, at *1. "Once a creditor can no longer establish a right to repayment of principal, there is no basis or foundation upon which to allege a right to payment of post-maturity interest." *Id.* at *4.

The decision of the New York Court of Appeals fully disposes of the claims on this appeal. Consistent with now-settled New York law, we conclude that Ajdler's claims to principal and interest were correctly dismissed as untimely. The judgment of the district court is therefore affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4